IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



2007 OCT -9 PM 12: 53

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

MICHAEL D. BAILEY

    Plaintiff,

vs.

CASE NO.:

FINAL TOUCH ACRYLIC SPRAY DECKS,
INC., a Florida corporation; and,
GLENN SADOWSKI,

    Defendants.

6:07-cv-1606-Orl-19KRS

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL D. BAILEY, (hereinafter referred to as "Plaintiff"), by and through

his undersigned counsel, hereby sues Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS,

INC., and GLENN SADOWSKI (hereinafter referred to collectively as the "Defendants"), and

states as follows:

## INTRODUCTION

1.    This is an action by Plaintiff against his former employer for unpaid wages,

pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a reasonable

attorney's fee.

## JURISDICTION

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

Section 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C.

Section 216(b).

## VENUE

3.      The venue of this Court over this controversy is proper based upon the claim arising in Brevard County, Florida.

## THE PARTIES

4.      Plaintiff was at all time material, employed by Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS, INC., pool deck painter, at its business located in Merritt Island, Florida.

5.      The Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS, INC., is a Florida corporation that operates a pool deck surfacing and operates in Merritt Island, Florida. Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS, INC., is an employer as defined by 29 U.S.C. Section 203(d).   The employer has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

6.      Plaintiff was an employee of FINAL TOUCH ACRYLIC SPRAY DECKS, INC., and, at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1).

7.      Alternatively, Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS, INC., is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8.      Defendant, GLENN SADOWSKI, was at all times material hereto, the owner and/or officer of Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS, INC.

9.      Defendant, GLENN SADOWSKI, at all times material hereto was acting directly or indirectly in the interest of Defendant, FINAL TOUCH ACRYLIC SPRAY DECKS, INC., in relation to Plaintiff's employment and were substantially in control of the terms and conditions

of the employee's work and are therefore considered statutory employers under 29 U.S. C. 203(d).

10.     Plaintiff has retained the PANTAS LAW FIRM, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW**

11.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9, above.

12.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.  Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: _10/4/2007_

K.E. PANTAS, ESQ.
Bar No.: 0978124
PANTAS LAW FIRM, P.A.
250 North Orange Avenue
Eleventh Floor
Orlando, Florida 32801
Tel.: (407) 425-5775
Fax.: (407) 425-2778
E-Mail: Clerk@PantasLaw.com