**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL D. BAILEY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No.  6:07-cv-1606-Orl-19KRS**

**FINAL TOUCH ACRYLIC SPRAY DECKS,**
**INC., GLENN SADOWSKI,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(D), FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 29)**
>
> **FILED:** **July 14, 2008**

**I.    INTRODUCTION.**

Plaintiff, Michael D. Bailey, moves for an order compelling Defendants Final Touch Acrylic Spray Decks, Inc. ("Final Touch") and Glenn Sadowski to comply with discovery. Bailey also moves for entry of default against Final Touch as it is a corporation that is unrepresented by counsel.

In support of his motion, Bailey filed the following:

• Request for Production of Documents directed to Sadowski, dated April 15, 2008, doc. no. 29-2 at 2-6;

• Plaintiff's First Set of Interrogatories to Defendant Final Touch,[1] dated April 15, 2008, doc. no. 29-2 at 7-18;

• Plaintiff's First Set of Interrogatories to Final Touch, dated May 6, 2008, doc. no. 29-3 at 2-13;

• Request for Production of Documents directed to Final Touch, dated May 6, 2008, doc. no. 29-3 at 14-19;

• A cover letter dated May 6, 2008, from Plaintiff's counsel to Sadowski with Plaintiff's Notice of Taking Deposition of Sadowski on July 2, 2008, doc. no. 29-4;

• Certificate of Nonappearance at deposition of Sadowski, doc. no. 29-5;

• Certificate of Service signed by Sadowski on May 30, 2008, with documents produced in response to May 6, 2008, Request for Production of Documents directed to Final Touch, doc. no. 29-6;

• Certificate of Service signed by Sadowski on May 30, 2008, with Final Touch's response to Plaintiff's First Set of Interrogatories, doc. no. 29-7.

---

[1] Although the title of the discovery request indicates it is directed to Final Touch, the body of the request states that it is directed to Sadowski.

Defendants have failed to respond to the motion and the time for doing so has now passed.[2] The presiding judge has referred this motion to me for issuance of a Report and Recommendation.

## II.     PROCEDURAL HISTORY.

Plaintiff filed his lawsuit alleging violations of the Fair Labor Standards Act on October 9, 2007. Doc. No. 1. Defendants answered the complaint through counsel on November 7, 2007. Doc. No. 7.

On March 31, 2008, Defendants' attorney, Maurice Arcadier, filed a motion to withdraw as counsel. Doc. No. 21. I issued an Order and Notice of Hearing requiring Sadowski to appear personally at the hearing on the motion. Doc. No. 22. My order contained the following statement:

> Final Touch is advised that a corporation can only appear and be heard in this Court through counsel of record. Thus, if the motion by its attorney to withdraw is granted and a new attorney does not enter an appearance on its behalf, Final Touch will no longer be permitted to defend itself in this action.

*Id*. Sadowski appeared at the hearing on behalf of himself and as corporate representative of Final Touch. Sadowski affirmed that he and Final Touch no longer wanted to be represented by Arcadier. Therefore, I granted Arcadier's motion to withdraw on April 16, 2008. Doc. No. 26. I again cautioned Final Touch that is it did not retain substitute counsel, a default could be entered against it precluding it from defending itself in this case. *Id.* at 2. An new attorney had not appeared on behalf of Final Touch as of the writing of this Report and Recommendation.

---

[2] The Case Management and Scheduling Order advises the parties that "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 16 at 5.

**III.     ANALYSIS.**

    **A.     Default Against Final Touch.**

Pursuant to Middle District of Florida Local Rule 2.03(e), a corporation can only appear and be heard through counsel of record who is a member of the bar of this Court. Final Touch has been given ample notice of this requirement and has been expressly warned that failure to retain counsel could result in a default being entered against it. Final Touch has had more than three months to retain replacement counsel, but it has failed to do so. Additionally, Final Touch has not responded to the motion requesting default. Therefore, I recommend that the motion for default be granted.

    **B.     Motion to Compel and for Sanctions.**

To the extent that the Court enters a default against Final Touch, the motion to compel Final Touch to respond to discovery is moot.

With respect to Sadowski, Sadowski has failed to respond to any discovery requests directed to him or to appear for his deposition. An order compelling Sadowski's to respond to the written discovery requests and appear for a deposition, therefore, is appropriate. Fed. R. Civ. P. 37.

Pursuant to Rule 37(d)(3), Bailey also requests an award of the attorneys' fees and costs he incurred as a result of Sadowski's noncompliance with discovery. Sanctions must be awarded under this portion of Rule 37 unless the opposing party's actions were substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's counsel certifies that he attempted to confer with Sadowski, but Sadowski was unavailable and he left a message. Doc. No. 29 at 6. Plaintiff's counsel indicated that he would

supplement the good faith conference certification after speaking with Sadowski, but no supplement had been filed as of the writing of this Report and Recommendation. Under these circumstances, I find that the failure of Plaintiff's counsel to show that he made a good faith effort to confer with Sadowski makes and award of expenses unjust.

## IV. RECOMMENDATION.

For the reasons stated above, I respectfully recommend that the Court do the following:

1. **GRANT in part** Plaintiff's Motion for Sanctions Pursuant to Rule 37(d), Federal Rules of Civil Procedure, doc. no. 29, as follows:

    a) **STRIKE** the answer, doc. no. 7, as to Final Touch <u>only</u>, and **DIRECT** the Clerk to enter default against Final Touch;

    b) **ORDER** Sadowski to serve the following on or before the August 26, 2008, mediation:

    - written responses to Plaintiff's Request for Production of Documents and production of all responsive documents, and

    - written responses to Plaintiff's First Set of Interrogatories that are signed under oath;

    c) **ORDER** Sadowski to appear for his deposition at the following place and time: September 2, 2008, at 10:00 a.m. at the Pantas Law Firm, 250 N. Orange Ave., 11th Floor, Orlando, FL 32801;

    2.    **DENY** Plaintiff's Motion for Sanctions Pursuant to Rule 37(d), Federal Rules of Civil Procedure, doc. no. 29, in all other respects;

    3.    **ADVISE** Sadowski that, pursuant to Fed. R. Civ. P. 16(f)(1)(C), failure to comply with the Court's order on this Report and Recommendation could result in further sanctions, including entry of a default against him that would preclude him from defending himself in this case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 13, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party