**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL D. BAILEY,**
               **Plaintiff,**

-vs-                                                **Case No. 6:07-cv-1606-Orl-19KRS**

**FINAL TOUCH ACRYLIC SPRAY DECKS,**
**INC., GLENN SADOWSKI,**
               **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter came on for a hearing on the Court's order to show cause directed to Defendant Glenn Sadowski. Doc. No. 38.

      The Court's file reflects that, on August 26, 2008, the Court entered an Order, Doc. No. 35, requiring Defendant Glenn Sadowski, proceeding *pro se*, to produce certain documents and responses and to appear at a deposition. The Court advised Sadowski that any failure to comply with that Order could result in sanctions, including the entry of default, pursuant to Fed. R. Civ. P. 16(f)(1)(C). *Id.* at 2.

      On October 6, 2008, the Court entered an Order to Show Cause as to Defendant Glenn Sadowski, Doc. No. 38, for his failure to obey that earlier Order. The show cause order required Sadowski personally to appear before the Honorable Patricia C. Fawsett, presiding district judge, at an evidentiary hearing. *Id.* The hearing was later re-noticed to require Sadowski to appear on the same date and time before the undersigned. Doc. No. 46. The Court's record reflects that both the

show cause order and the amended notice regarding the hearing were delivered to Sadowski at his address of record.

Sadowski failed to appear before me on November 5, 2008, as required. The Court Security Officers verified that Sadowski also was not in Judge Fawsett's courtroom. Additionally, Plaintiff's counsel stated on the record that he had unsuccessfully attempted to reach Sadowski numerous times. Accordingly, Plaintiff's counsel orally moved that the Court enter a default against Defendant Sadowski as a sanction.[1]

Rule 16(f) permits the Court to enter "any just orders" when a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). On multiple occasions, the Court warned Sadowski that his failure to comply with Court orders or appear at hearings could result in the "entry of further sanctions against him, including but not limited to the entry of a default judgment against him without further notice." *E.g.*, Doc. No. 38. Sadowski failed to obey the Court's August 25, 2008, Order, Doc. No. 35, resulting in the entry of an Order to Show Cause requiring him to personally appear at an evidentiary hearing. Doc. No. 38. Sadowski again failed to obey the Court's orders by failing to appear as required.

---

[1] Counsel for Plaintiff represented that should the Court grant his motion, Plaintiff Bailey would be prepared to move for entry of default final judgment against both Sadowski and previously defaulted Defendant Final Touch Acrylic Spray Decks, Inc., in a single motion. *See* Doc. No. 41 (granting 45-day extension to file motion for default final judgment as to Final Touch Acrylic Spray Decks).

Accordingly, I respectfully recommend Plaintiff Michael D. Bailey's oral Motion for Entry of Default as to Defendant Glenn Sadowski be **GRANTED** and the Court direct the Clerk to enter a default against Defendant Glennn Sadowski. The Clerk of Court is directed to mail a copy of this Report and Recommendation to Sadowski at his address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 5, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE